FILED - GR
April 19, 2012 11:02 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __gjf__/____ Scanned: __/__ 4/19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PABLO RAZO FIERRO,

    Defendant.
_____/

No. **1:12-cr-98**

Hon. **Robert Holmes Bell**
**U.S. District Judge**

**INDICTMENT**

The Grand Jury charges:

### COUNT 1
(Social Security Fraud)

Beginning on or about September 28, 2004, and continuing without interruption until on or about January 21, 2011, in Muskegon County, in the Western District of Michigan, Southern Division,

**PABLO RAZO FIERRO,**

in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of an event affecting his continued right to Social Security Disability Benefits ("DIB") payments, concealed and failed to disclose such event with the intent fraudulently to secure payment when no payment was authorized. Specifically, defendant opened "Pablo's Tacos," a restaurant in Muskegon, Michigan, and returned to work as the owner and operator. The defendant thereafter concealed his employment from the Social Security Administration in order to continue to receive and spend DIB payments to which he knew he was not entitled.

42 U.S.C. § 408(a)(4)(1)
42 U.S.C. § 408(b)

## COUNT 2
(Theft of Public Money)

Beginning on or about September 28, 2004, and continuing without interruption until on or about January 21, 2011, in Muskegon County, in the Western District of Michigan, Southern Division,

**PABLO RAZO FIERRO,**

did knowingly and intentionally steal, purloin, and convert to his own use money and things of value of a department of the United States, to wit: funds of the Social Security Administration in excess of $1,000.

18 U.S.C. § 641

## FORFEITURE ALLEGATION
(Count 2 – Theft of Public Money)

The allegations contained in Count 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of theft of public money in violation of 18 U.S.C. § 641 set forth in Count 2 of this Indictment, the defendant,

**PABLO RAZO FIERRO,**

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a sum of money equal to at least $104,069.00, which constitutes or is derived from proceeds obtained, directly, or indirectly, as a result of the offense charged in Count 2.

2. SUBSTITUTE ASSETS: Pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), the United States shall be entitled to forfeiture of substitute property up to the value of the above-forfeitable property if, by any act or omission of the defendant, the above-forfeitable property, or any portion thereof,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)

A TRUE BILL

_____
GRAND JURY FOREPERSON

DONALD A. DAVIS
United States Attorney

_____
NILS R. KESSLER
Assistant United States Attorney