UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:12-cr-98

     vs.                                Hon. Robert Holmes Bell
                                              United States District Judge

PABLO RAZO FIERRO,

        Defendant.
_____/

## MOTION FOR PRETRIAL DETENTION

     May it please the Court, the government moves for the pretrial detention of defendant Fierro, who admittedly fled to Mexico to avoid federal prosecution in 2011, and remained a fugitive until captured this week.

FACTS

     1.      Between 1996 to 2011, the defendant collected disability benefits from the Social Security Administration (SSA) by periodically certifying that he was unable to work due to a back injury. The defendant also repeatedly affirmed the he understood his duty to report to SSA if (1) his medical condition improved so that he would be able to work; or (2) he went to work, whether as an employee or a self-employed person.

     2.      In 2008, the Muskegon Chronicle published a story about the success of the defendant's restaurant in Muskegon, "Pablo's Tacos." In the related video interview on Mlive.com, the defendant and his daughter stated that he had worked every day since opening the restaurant. The Social Security Administration Office of the Inspector General (SSA-OIG) repeatedly observed the defendant working, and established from public records that he had

1

opened the restaurant in 2004.  SSA-OIG further determined that as a result of his fraud, the defendant received over $100,000 in disability benefits to which he was not entitled.

3. In 2011, SSA-OIG conducted a non-custodial recorded interview with the defendant, who admitted he had been working while receiving disability, that he had concealed his employment to continue receiving benefits to which he knew he was not entitled, and that he had used the money for (among other things) car and mortgage payments.

4. Later in 2011, the government engaged in pre-indictment plea negotiations with the defendant and his attorney.  When the government advised the defendant that it could not immunize him against possible prosecution for citizenship fraud, negotiations terminated.  Shortly thereafter, the defendant disappeared and Pablo's Tacos closed.  SSA-OIG attempted to locate him, and learned from witness interviews that he had departed for Mexico.

5. In April 2012, a grand jury in this District indicted the defendant for Social Security Fraud and Theft of Public Money, and this Court issued a warrant for his arrest.  SSA-OIG and the U.S. Marshal's Service attempted to locate the defendant without success since that time.

6. On June 30, 2015, the U.S. Marshal's Fugitive Task Force apprehended the defendant at the former Pablo's Tacos, which his daughter reopened under a new name after his flight.  The defendant initially provided Deputy Marshals the false name "Alfredo," but later admitted he was actually Pablo Fierro.  The defendant further admitted that he fled to Mexico in February of 2011 because he "couldn't pay back the money he owed the government, and didn't want to go to prison," or words to that effect.  He stated he returned to the United States in September of 2014.

LAW AND ANALYSIS

In a case that involves a serious risk that the defendant will flee, the judicial officer shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant and further court proceedings. 18 U.S.C. § 3142(f). If after such hearing the judicial officer finds no condition or combination of conditions will suffice, the defendant must be ordered detained pending trial. 18 U.S.C. § 3142(e).

In determining whether such conditions exist, the judicial officer must take into account (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; and (2) the history and characteristics of the person. 18 U.S.C. § 3142(g). The government must prove risk of flight by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Where a defendant leaves the jurisdiction after learning he has been charged and provides a false identity when arrested, it can be inferred that he will flee if released on bond. *United States v. Dellacroce*, 613 F. Supp. 312, 315 (E.D.N.Y. 1985). Even where a defendant has substantial ties to the community and family and friends are willing to guarantee his appearance at trial, remaining a fugitive while charges are pending strongly suggests flight risk. *United States v. Falcon*, 930 F. Supp. 1518, 1521 (S.D. Fla. 1996)(court properly detained defendant who remained a fugitive for 43 months and provided a false name when arrested.) In other cases similar to Fierro's, the defendants were also properly denied bond pending trial. *See, e.g. United States v. Paris,* 706 F.Supp. 184 (E.D.N.Y. 1988)(defendant failed to appear on charges despite being informed of them, was a fugitive for nearly four years, and faced up to five years in prison); *United States v. Ruiz-Corral,* 338 F.Supp. 2d 1195 (D. Colo. 2004)(defendant was a

naturalized citizen originally from Mexico, retained significant family ties to Mexico, and the government had a strong case against him).

By his own admission, defendant Fierro fled to Mexico to avoid prosecution. He was aware that he was facing serious federal charges, and if the possibility that he *might* be indicted was enough to prompt his flight, the knowledge that he *has* been indicted provides an even greater incentive. Moreover, the defendant is now aware that his conviction is a near certainty, in light of his confession and the video and documentary evidence that he worked full time while claiming to be disabled. He also understands that he is facing up to 10 years in prison, plus the restitution and fines that he already once absconded to avoid paying.

Although the defendant's family members in the District might offer to guarantee his appearance, they were aware through interviews with SSA-OIG that the defendant was wanted, and failed to notify authorities of his whereabouts either before (or more importantly, after) his return to the jurisdiction. He has strong ties to Mexico, where he was able to remain since 2011, making another run for the border a viable option. Finally, the defendant provided a false identity when arrested a desire to avoid capture. Under all these circumstances, the government proffers that no condition or combination of conditions would be sufficient to guarantee his appearance at future court proceedings.

WHEREFORE, the government requests the defendant be detained pending trial.

                                                Respectfully submitted,

                                                PATRICK A. MILES
                                                United States Attorney

                                                  /s/ Nils R. Kessler
                                                NILS R. KESSLER
                                                Assistant United States Attorney
                                                P.O. Box 208
                                                Grand Rapids, MI 49501