UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

UNITED STATES OF AMERICA,

        Plaintiff,                        No.  1:12-CR-98

v                                          Hon. Robert Holmes Bell

PABLO RAZO FIERRO,

        Defendant.

---

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION
## FOR ENDS-OF-JUSTICE CONTINUANCE

---

      Defendant Fierro has moved to adjourn the trial and final pretrial conference that are set for August 17, 2015 and August 4, 2015 respectively.

      An Indictment was returned on April 19, 2012, charging Mr. Fierro with two felony counts related to social security disability fraud and the allegation that he received disability benefits during times he was also working.  18 U.S.C. §§ 408(a)(4)(1), (b) and 641.  Mr. Fierro was living in Mexico at the time the Indictment was filed.  He returned to the United States, specifically Muskegon, Michigan, around September of 2014.   Mr. Fierro was arrested on the Indictment on June 30, 2015.  He was arraigned  on July 1, 2015.  He has been detained since his arrest at the Newaygo County Jail, having been denied pretrial release primarily due to his recent residence in Mexico.

      The parties have been engaging in serious good faith discussions to resolve this case.  The Government provided the defense with discovery in a timely manner and the defense has been actively conducting its own investigation.

      There are two reasons for defendant's motion to adjourn that are somewhat related.

Realistically, defense counsel cannot be adequately prepared to try this case on August 17, and to file the necessary pleadings for the final pretrial conference on August 4. First, even though the case is "old" having been filed in 2012, the undersigned is new to the case and has been working on it for only three weeks. Other lawyers were involved in the case prior to the Indictment being filed and it is taking some time for the undersigned to secure information from them that may be relevant.

Second, the final pretrial conference and trial date conflict with vacation time-off the undersigned has had planned for some time.

This is the first request for adjournment. The government does not object to this request. *See* W.D. MICH. L. CRIM. R. 12.4. Mr. Fierro has executed a written waiver of speedy trial.

A short adjournment will help ensure that a thorough defense investigation can be completed so that Mr. Fierro can make an informed decision about his options. The undersigned feels comfortable stating that she is making substantial progress towards being able to effectively advise Mr. Fierro of his options, but uncomfortable leaving a matter set for trial - even when the likelihood of an ultimate settlement is high - on dates when she is out of the district and unavailable.

The Speedy Trial Act is designed to protect the interests of defendants and the public in timely criminal trials. *United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990), *cert. denied*, 500 U.S. 906 (1991). It requires, in general, that trials commence within the later of 70 days of indictment or the defendant's first appearance in court. 18 U.S.C. § 3161(c)(1); *United States v. Tinson*, 23 F.3d 1010, 1012 (6th Cir.1994). The Act provides flexibility necessary to conduct fair trials by excluding certain events from the 70-day time frame such as various pretrial proceedings. *See* 18 U.S.C. §§ 3161(h)(1)-(9); *United States v. Mentz*, 840 F.2d 315, 325 (6th Cir.1988). The Act requires dismissal of the indictment in the event more than 70 non-excludable days pass before the

commencement of trial, 18 U.S.C. § 3162(a)(2). The trial court has discretion to decide whether to dismiss the indictment with or without prejudice.

Excluded from the 70-day time limitations are delays resulting from mental competency determinations, trial of other charges, interlocutory appeals, pretrial motions and the court's consideration of plea agreements. 18 U.S.C. § 3161(h). Delays attributable to plea negotiations are excludable as "other proceedings." *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir.1987).

In the case at bar, the defense makes the request for a continuance to enable the defendant and counsel to explore all possibilities of an amicable resolution and absent that, adequately prepare for trial. Under the circumstances, therefore, the defense respectfully submits that the ends of justice served by granting an adjournment outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A). This motion is made is good faith and not for the purpose of unnecessary delay.

For the above reasons, the defense respectfully requests the following relief adjournment of the final pretrial conference and trial for a period of 30 days.

Dated: July 22, 2015

Respectfully Submitted,

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant

s/ Britt Morton Cobb
_____
Britt Morton Cobb (P69556)

40 Pearl Street, N.W., Suite 940
Grand Rapids, Michigan  49503-3032
(616) 458-2212
bmc@willeychamberlain.com