UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:12-cr-98 |
| Plaintiff, | |
| v. | Hon. Robert Holmes Bell<br>United States District Judge |
| PABLO RAZO FIERRO, | |
| Defendant. | |
| _____/ | |

PLEA AGREEMENT

This constitutes the plea agreement between Pablo Razo Fierro and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. **The Defendant Agrees to Plead Guilty.** The defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Social Security Fraud in violation of Title 42, United States Code, Section 408(a)(4)(1).

2. **Defendant Understands the Crime.** In order for the defendant to be guilty of violating Title 42, United States Code, Section 408(a)(4)(1), the following must be true:

   a. The defendant had knowledge of an event affecting the right to receive or to continue to receive Social Security Disability payments;

   b. The defendant knowingly concealed or failed to disclose this event to the Social Security Administration; and

   c. The defendant had the intent to fraudulently secure disability benefits in an amount greater than was due or when no payment was authorized.

The defendant is pleading guilty because the defendant is guilty of the charge described above.

3. <u>The Defendant Understands the Penalty.</u> The statutory maximum sentence that the Court can impose for a violation of Title 42, United States Code, Section 408(a)(4)(1) is the following: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100. The defendant agrees to pay the special assessment at or before the time of sentencing unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Restitution (VWPA).</u> The defendant agrees to make full restitution for the losses caused by his activities, as determined by the Court at sentencing. The defendant agrees that the restitution order is not restricted to the amounts alleged in the counts to which the defendant is pleading guilty.

5. <u>Factual Basis of Guilt.</u> The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

    a. In 1996, the defendant applied for and began receiving Social Security disability payments from the Social Security Administration. The defendant represented in his application that he was disabled and could not work due to a back injury. The defendant further certified that he would notify the Social Security Administration if his medical condition improved so that he could return to work, or if he in fact returned to work.

    b. In 2004, the defendant incorporated and opened "Pablo's Tacos," a restaurant business in Muskegon. From 2005 through 2011, the defendant was gainfully

2

employed as the owner and operator of that business, from which he derived income that would have disqualified him from the receipt of Social Security Disability benefits.

  c. At all times relevant to the Indictment, the defendant concealed his gainful employment from the Social Security Administration in order to continue receiving benefits to which he knew he was not entitled.

 6. <u>The United States Attorney's Office Agrees</u>.

  a. <u>Dismissal of Count 2 and Forfeiture Allegation.</u> The U.S. Attorney's Office agrees to move to dismiss Count 2 of the Indictment, and its associated forfeiture allegation, at the time of sentencing.

  b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

  c. <u>Non-Prosecution.</u> The U.S. Attorney's Office agrees, except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute the defendant for violations arising out of his Social Security Disability fraud. The defendant understands that the U.S. Attorney's Office is free to prosecute him for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

7. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the defendant. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that the defendant and the defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

8. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. The defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

9. <u>Waiver of Constitutional Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty pleas, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

4

b.  The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt.

c.  The right to confront and cross-examine witnesses against the defendant.

d.  The right, if the defendant wished, to testify on the defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.  The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the defendant.

f.  By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10.  **Waiver of Other Rights.**

A.  **Waiver.**  In exchange for the promises made by the government in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

B.  **Exceptions.**  The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1) the defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2) the defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3) the district court incorrectly determined the Sentencing Guidelines range, if the defendant objected at sentencing on that basis;

5

4) the defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

5) the guilty plea was involuntary or unknowing;

6) an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

If the defendant appeals or seeks collateral relief, the defendant may not present any issue in the proceeding other than those described in this subparagraph.

11. <u>FOIA Requests.</u> The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. <u>The Court is not a Party to this Agreement.</u> The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

13. <u>This Agreement is Limited to the Parties.</u> This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes

committed by the defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. **Consequences of Breach.** If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

15. **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

PATRICK A. MILES, JR.
United States Attorney

8/21/15
Date

NILS R. KESSLER
Assistant United States Attorney

7

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

8/18/2015
Date

_____
PABLO RAZO FIERRO
Defendant

I am Pablo Razo Fierro's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/18/2015
Date

_____
BRITT M. COBB
Attorney for Defendant