UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,                       No.  1:12-CR-98

v.                                  Hon. Robert Holmes Bell

PABLO RAZO FIERRO,

        Defendant.

---

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

---

The Government's Response to Defendant's Sentencing Memorandum and Motion for Downward Variance makes assertions about the civil litigation in 01-CV-615 that are incorrect. It was wrong and criminal for Mr. Fierro to work while receiving disability benefits, but his injury and the resulting problems are legitimate. The government's mischaracterization of the civil litigation implies that Mr. Fierro did not have a legitimate injury supporting the receipt of benefits in the first instance. This is wrong. The Court may or may not find that any of the prior civil litigation is relevant to its application of the 18 U.S.C. § 3553(a) factors, but it should at least be presented with the correct information.

Judge Enslen's Order is attached as Exhibit E. The record in 01-CV-615 consists of 647 pages of exhibits. The exhibits include transcripts, administrative forms and nearly 500 pages of

medical records.[1]  Judge Enslen's Order finding Mr. Fierro eligible for benefits was not based on Mr. Fierro as a "charming and persuasive speaker" as suggested by the government (Gov't Response, RE#33, PageID#190).  Judge Enslen's Order clearly stated that Mr. Fierro's reports of pain were supported by substantial and objective medical evidence.  Exhibit E, p.4.

A number of doctors - including Joel Jarvis, M.D. who had been treating Mr. Fierro for a period of 16 years that covered all pre-injury and post-injury time frames - opined extensively that Mr. Fierro suffered a severe back injury that caused substantial and chronic pain.  Exhibit E, pp. 5-6.  The doctors also described Mr. Fierro's "major depressive disorder," which was directly linked to his injury and the limitations on his ability to work.  Exhibit E, p. 5.

The government says that the ALJ who conducted a "full evidentiary hearing in 2000" took testimony from "several" physicians who opined that there was "nothing physically wrong with him that would prevent him from working."  Gov't Response, RE#33, PageID#187 (citing to a pleading filed by the U.S. Attorney's office in the civil litigation).  That is false.  Only one vocational therapist hired by the social security administrator testified at the hearing in the hypothetical about certain jobs Mr. Fierro might be able to perform and that person had never examined Mr. Fierro.   Further, as noted in Judge Enslen's Opinion, the "only support for the ALJ's conclusion is two Residual Functional Capacity Assessment forms completed by state agency physicians who never examined" Mr. Fierro.  Exhibit E, p. 6.

---

[1] The 01-CV-165 case is sealed.  Judge Enslen's Opinion was provided in discovery, however, but the defense feels that electronic filing of the other documents from a sealed case would otherwise be inappropriate unless requested by the Court.  Magistrate Judge Carmody's Report and Recommendation to Judge Enslen to award benefits has a lengthy, detailed discussion of the medical evidence that Judge Enslen relied on, but that is likewise sealed.

Judge Enslen reviewed the extensive medical evidence of Mr. Fierro's injury, pain and depression to award benefits. Judge Enslen was not "duped" into awarding benefits by Mr. Fierro as the government suggests. This should come as no surprise to the Court.

The government says that when Mr. Fierro's benefits were terminated in 1998, he appealed that decision to the ALJ. Gov't Response, RE#33, PageID#187. That is incorrect. Mr. Fierro's benefits terminated in May 1998. He chose *not* to appeal that decision. Exhibit E, p. 1. Instead, he later attempted working through the pain. He was receiving no benefits at this time nor did he have an application pending. His condition deteriorated as the pain became overwhelming and he could not pay for the pain medication because he could not afford health insurance. This is noted throughout Dr. Jarvis's records that were submitted to the ALJ and that are part of the sealed record in 01-CV-165. He reapplied for social security disability in May 1999. When he was denied, he took the appeal that is 01-CV-165.

The Court should not be under the misconception that he immediately appealed when benefits terminated in 1998. Consistent with his nature, he made every effort to work before reapplying in 1999.

Finally, the government offers a portion of a transcript of the June 2000 hearing with the ALJ - a sealed document - to suggest Mr. Fierro lied about his work at that time. This is also wrong. The transcript the government attaches is incomplete. The government does not submit the remainder of the transcript where Mr. Fierro's periods of less-than- full- time work were discussed. The ALJ accepted hundreds of pages of medical records, and the deposition of Dr. Jarvis, where Mr. Fierro's efforts at working were documented.

To summarize, Mr. Fierro's back injury and the pain and depression that came with it was,

3

and is, a very real condition.  His crime was working in spite of that condition, not falsifying the condition.

Dated: December 7, 2015

Respectfully Submitted,

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant

s/ Britt M. Cobb_____
Britt M. Cobb (P69556)
300 Ottawa Avenue, N.W., Suite 810
Grand Rapids, Michigan 49503
(616) 458-2212